# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MONTREZ FORD, an individual** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | |
| ]  CV-09-BE-1228-S | |
| **JAMES DONALD LEROY, and S&J** ] | |
| **POTASHNICK TRANSPORTATION,** ] | |
| **INC., et. al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's "Motion to Remand" (doc. 4), this court's "Show Cause Order" (doc. 5), as well as "Defendants' Objection to Motion to Remand" (doc. 6). For the reasons stated in this Memorandum Opinion, the court will GRANT the motion to remand.

### I.  PROCEDURAL HISTORY

On March 30, 2009, the Plaintiff filed his Complaint in the Circuit Court of Jefferson County, asserting negligence and wantonness claims against both Defendants, and further, asserting a negligent entrustment claim, a negligent hiring/supervision/retention claim, and a respondeat superior claim against Defendant S&J Potashnick Transportation, Inc.  The Complaint did not specify the amount of damages that Plaintiff seeks, but stated that he "demands Judgment against all Defendants . . . for compensatory and punitive damages in an amount determined by the trier of fact, plus interest and costs."  (doc. 1-2, at 6-7).

1

Defendant served requests for admissions upon Plaintiff on May 28, 2009, seeking the following admissions:

> 1. That the Plaintiff will not seek or accept more than $75,000.00, exclusive of interest and costs, in the above-styled case under all of the available theories asserted in the Plaintiff's Complaint.
>
> 2. That the Plaintiff agrees to forego and waive any damages, including any compensatory or punitive damages, above $75,000.00 in this action.
>
> 3. That the Plaintiff expressly disavows, consistent with the damages claimed in the Complaint, that the amount in controversy in this action exceeds Seventy-Five Thousand Dollars and No Cents ($75,000.00).
>
> 4. That Plaintiff agrees to be bound by this disavowal.
>
> 5. That Plaintiff is precluded and estopped from claiming damages, either compensatory or punitive in nature, in excess of Seventy-Five Dollars and No Cents ($75,000.00) in this action.

(doc. 1, at 2; doc. 4, at 2). On June 17, 2009, the Plaintiff denied request 4 and filed the following response to requests 1-3 and 5:

> Plaintiff objects to this improper request for admission as being completely outside of the scope and purpose of Rule 36. Specifically, this request for admission is not asking the Plaintiff to admit or deny a fact that will be proven at the trial of this case. This request for admission attempts to require Plaintiff to speculate on the course of future discovery and further, the purpose of Rule 36 is to "expedite the trial and to relieve the parties of the cost of proving facts which will not be disputed at trial," not to pre-try such issues (See A.R.C.P. 36, committee comments on 1973 Adoptions). Without waiving this objection - request for admissions – Denied.

(doc. 1, Exhibit 1; doc. 2, at 20).

On June 19, 2009, Defendants removed this case to this court pursuant to 28 U.S.C. § 1441 and 1446. Defendants based their removal on diversity jurisdiction. In their Notice of Removal, and again in their objection to Plaintiff's motion to remand, Defendants argue that, although Plaintiff made no specific demand for damages in the Complaint, they can nevertheless

2

satisfy their burden of establishing the requisite jurisdictional amount based upon Plaintiff's response to the Requests for Admissions.

On July 17, 2009, Plaintiff filed the instant motion to remand, and a day later, this court entered an order requiring Defendants to show cause why that motion should not be granted.

## II.  DISCUSSION

The motion to remand in this case presents the following issue:  whether Defendants established the requisite jurisdictional amount in controversy for removal purposes through Plaintiff's response to requests for admissions.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit detailed the procedures for evaluating whether a defendant has established the jurisdictional amount that 28 U.S.C. § 1332 requires.  The Court of Appeals clarified that the removing party bears the burden of establishing the requisite jurisdictional amount by a preponderance of the evidence, and further, that the district court must evaluate the propriety of removal based on the removing documents.  *Id.* at 1208-9, 1213-14.  When the district court cannot discern the amount in controversy from the removing documents, "the proper course is remand." *Id.* at 1218.

In the instant case, the removing documents include Plaintiff's Summons and Complaint; Alias Summons and Complaint; Defendant's Leroy's Answer; Notice of Service of Discovery Documents, including Plaintiff's Interrogatories to Defendant James Donald Leroy and Plaintiff's First Requests for Production of Documents to Defendant James Donald Leroy; Notice of Service of discovery documents filed on behalf of Defendant, including Interrogatories to Plaintiff, Request for Production to Plaintiff, and Request for Admissions to Plaintiff; Notice of Service of Objections to Plaintiff's interrogatories and request for production; Plaintiff's

3

Response to Defendant James Donald Leroy's Request for Admissions, and the Notice of Service of that response; and various AlaFile E-Notices and a certified mail notice. Because Plaintiff made no specific demand for damages in the Complaint and Alias Complaint, as noted previously, Defendants' claim to have established the jurisdictional amount rests upon Plaintiff's response to the requests for admissions.

In *Lowery*, the Eleventh Circuit explained that when a defendant bases removal on a document other than the initial pleading, three specific conditions must exist: "(1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1215 n. 63 (quoting 28 U.S.C § 1446(b)). Although "[c]ourts have not articulated a simple test for identifying 'other paper,'" the Court of Appeals specified certain documents that would fall under that term, including requests for admissions. *Id.* Even when a defendant presents to the district court an "other paper" received from a plaintiff, however, the court may still question whether it sufficiently establishes the amount in controversy. *See id.* at 1220-21.

In the instant case, the "other paper" that Defendants proffer to the court – Plaintiff's response to the requests for admissions – is insufficient to establish jurisdiction. The requests, set out verbatim in the fact section, included various phrasing but in essence asked Plaintiff to admit that he would not seek or accept damages over the federal jurisdictional amount of $75,000. Plaintiff objected to these requests as improper under Rule 36, and noted that they represented an improper attempt to force Plaintiff to speculate about the course of discovery, rather than a proper attempt to narrow which facts were in dispute and need to be proven at trial. Without

waiving those objections, Plaintiff denied the requests for admissions. Defendants point to those denials as establishing the jurisdictional amount.

In the recent case of *Harmon v. Wal-Mart Stores, Inc.*, No. 08-309, 2009 WL 707403 (M.D. Ala. Mar. 16, 2009), Chief Judge Fuller of the Middle District of Alabama addressed whether denials of requests for admissions regarding the amount in controversy established the jurisdictional amount, and held that they did not. *Id.* at 4-5. Judge Fuller noted that the defendant had hoped to prove a positive admission (that plaintiff sought more than $75,000.00) by eliciting the denial of a negative (that plaintiff did not claim in excess of $75,000.00). *Id.* at *3. However, the judge rejected that strategy:

> In the context of a request for admission to a plaintiff from a defendant, however, the effect of a denial is not the same. On the one hand, when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.") . . . . On the other, the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute.

*Id.* at *4 (citing Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment) (internal citation omitted). The court found that the plaintiff's denial of the six requests for admission "serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that [whether] an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction." *Id.*

This court finds Chief Judge Fuller's reasoning to be persuasive, and agrees with his analysis. Applying that reasoning to the instant case, the court concludes that the denials of the requests for admissions in the instant case do not establish the requisite jurisdictional amount.

5

Although the requests for admission in the instant case are not identical to those in *Harmon*, they are similar enough to demand the same result. Further, the objections that Plaintiff filed in conjunction with those denials provide even stronger support for the court's finding that the response to requests for admissions is not a clear and unambiguous statement establishing the jurisdictional amount.

Defendant has cited three district court cases as supporting the opposite conclusion: *Williams v. Wal-Mart Stores,* 534 F. Supp. 2d 1239 (M.D. Ala. 2008); *Moses v. Allstate Indem. Co.*, 2006 WL 1361131 (M.D. Ala. 2006) (not a reported case); and *Robinson v. GE Capital Mortgage Servs., Inc.*, 945 F. Supp. 1516 (M.D. Ala. 1996). In *Williams*, the basis for the motion to remand was timeliness, and while Judge Thompson assumed that the responses denying the requests for admission represented an "unambiguous statement that clearly establishes federal jurisdiction" and started the clock running for timely removal, he did not specifically address whether the amount in controversy was satisfied. In *Robinson*, the judge also addressed an objection to the timeliness of the removal, but as part of that analysis, he held that the responses denying requests for admission constituted "other paper" establishing the jurisdiction amount. 945 F. Supp. at 1518. *Moses*, an unpublished case decided by the same judge as *Robinson*, followed that holding. The courts in all three decisions apparently accepted the denial of the requests for admissions as equivalent to a clear and unambiguous statement from the plaintiff establishing the jurisdictional amount. As discussed previously, this court does not agree that the two are equivalent.

Although the Plaintiff's response to requests for admissions is a proper "paper" for consideration, it does not provide the clear and unambiguous statement required to establish the

requisite amount in controversy.  Because the jurisdictional amount in controversy in this case is not apparent from the removing documents, "the proper course is remand." *Lowery*, 483 F.3d at 1218.

## III.  CONCLUSION

For the reasons stated above, the court finds that Defendants have not carried their burden of proving facts by a preponderance of the evidence that establish the requisite jurisdictional amount.  Therefore, by separate order, the court will REMAND this case to the Circuit Court of Jefferson County, Alabama.

Dated this 13th day of August, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE